UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X   Index No.:  15cv5806 (PKC)(LB)
RAYMOND SANTIAGO,

                                           Plaintiff,                        **AMENDED**
          - against -                                        **COMPLAINT**

THE CITY OF NEW YORK; NEW YORK                     **JURY DEMAND**
CITY DEPARTMENT OF CORRECTION;
NYC-DOC OFFICER CHERRY (First Name and
Shield Number Unknown), NYC-DOC OFFICERS
JOHN and/or JANE DOES "1" through "3",

                                       Defendants.
-------------------------------------------------------------------------X

        Plaintiff Raymond Santiago (hereinafter "Plaintiff" and/or "Mr. Santiago"), by his attorneys,

Law Office of Matthew B. Waller, in his Complaint (the "Complaint") alleges as follows:

## NATURE OF THE ACTION

        1.     This is an action at law to redress the deprivation under color of statute,

ordinance, regulation, custom, or usage, of rights, privileges, and immunities secured to Plaintiff

by the Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. § 1983

against the City of New York and its agents at the New York City Department of Corrections

that caused Plaintiff physical injuries, as well as emotional and mental distress.

        2.     This is also an action to redress the pain and suffering as well as physical and

psychological injuries sustained by Plaintiff as a result of the intentional, malicious, careless and

negligent acts of the City of New York, and some of its correction officers.

## JURISDICTION AND VENUE

        3.   This action arises under the Fourteenth Amendment to the Constitution and laws

of the United States, and under 42 U.S.C. § 1983.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§1331, 1343(a)(3)-(4) and 1367(a).

5. The acts complained of occurred in the Eastern District of New York Court and venue is proper under 28 U.S.C. § 1391(b).

## JURY DEMAND

6. Mr. Santiago demands trial by jury in this action.

## PARTIES

7. Plaintiff, Raymond Santiago, is a citizen of the United States and is currently imprisoned at Clinton Correctional Facility, Dannemora, New York. At the time these events occurred, Mr. Santiago was an inmate in the custody the New York City Department of Correction (hereinafter DOC) on Rikers Island in East Elmhurst, New York.

8. Defendant City of New York ("City") is a municipal corporation which, through its Department of Correction, operates a number of detention facilities.

9. DOC is responsible for the appointment, training, supervision, and conduct of all DOC personnel, including the defendants referenced herein.

10. At all times relevant hereto, Correction Officer Cherry (first name unknown) was an officer of DOC, acting in the capacity of agent, servant, and employee, within the scope of his employment as such, and acting under color of state law.

11. Upon information and belief, on or about October 28, 2012, Officer Cherry worked at the DOC facility known as Robert N. Davoren Complex (hereinafter RNDC) and likely facilitated and then failed to intervene in the assault on Mr. Santiago by inmate assailants

that took place on or about October 28, 2012. Correction Officer Cherry is being sued in his individual and official capacities.

12. At all times relevant hereto, Correction Officers John/Jane Does "1"-"3" (collectively referred to herein as the "Doe Defendants"), whose actual names and shield numbers plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designation "John Doe" and "Jane Doe," were officers of DOC, acting in the capacity of agents, servants, and employees, within the scope of their employment as such, and acting under color of state law.

13. Upon information and belief, the Doe Defendants worked at RNDC on or about October 28, 2012 and likely facilitated the assault and/or failed to intervene in the assault on Mr. Hamilton by inmate assailants that took place on or about October 28, 2012. The Doe Defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

14. Plaintiff repeats and realleges the foregoing paragraphs as if the same were set forth at length herein.

15. On October of 2012, Mr. Santiago was being held at Riker's Island pending the outcome of charges against him for sexual assault. As is well known even in popular culture, people being held for such charges can become the targets of a form of "prison justice" in the sense that if their alleged crime is known to the general prison population, other prisoners take it upon themselves to seek retribution, often with the tacit approval of Correction Officers who turn a blind eye towards such practices and, on occasion, event facilitate such actions. For this reason, prisoners confronting charges of this nature, or found guilty of them, are normally placed in protective custody.

3

16.     Mr. Santiago was in protective custody at Riker's Island and he did not disclose to anyone the specifics of the charges against him.

17.     Mr. Santiago noticed that one of the Correction Officers, CO Cherry, became curious as to his background, making off color remarks about Mr. Santiago and smirking each time he passed by. He noticed CO Cherry had access to a computer at his post and was constantly using it.

18.     Mr. Santiago was suddenly, without warning and without any type of consultation, taken out of the protective custody area at Riker's Island and placed instead with the general population.

19.     Mr. Santiago immediately felt threatened by suggestive remarks of certain inmates regarding the reason for his arrest that alluded to sexual conduct, he therefore asked the guards to place him back into protective custody, but he was told to be quiet and not make demands because he wasn't running things in there.

20.     On October 28, 2012, at approximately 9:30 PM, Mr. Santiago was returning to his housing area from his work at the barber shop. As he approached R.N.D.C , C-74, 4 Upper B-side, he noticed that two individuals were allowed to enter the hallway leading to his cell despite the fact that access was electronically controlled by the officer on duty, who was CO Cherry. However, he also noticed that Officer Cherry was not at his post in "the bubble".

21.     As he walked towards his cell, two inmates called him by name from the back of the housing area and said they wanted to talk to him. Upon information and believe, Mr. Santiago believes they were members of the Bloods gang. As he approached them they pushed him into a cell said, something to the effect of "we know why you're here" and began cutting him in the face and neck. He struggled to break free and yelled for help but no Correction

4

Officers answered his pleas.  He cannot recall exactly how long the actual assault lasted but to him it felt like an eternity. Despite his attempt to protect himself he was cut in the forehead, in the chin and under the neck.

22.     The two inmates that assaulted Mr. Santiago fled and immediately upon their departure Officer Cherry showed up and took Mr. Santiago to his cell to clean up. He was not taken to urgent care and/or the hospital and his wounds were left to heal without medical supervision and continued to bleed on and off for the following days.

23.     The scars were painful and healed slowly, and the cut to his forehead permanently altered his hairline. Mr. Santiago immediately became paranoid thinking he was about to be injured or killed at any moment. He has also been left with permanent scars as a result of the improper actions of DOC's personnel.

## CLAIM FOR RELIEF
### October 28, 2012 Incident
### 42 U.S.C. § 1983/Fourteenth Amendment
### (against City of New York, Named Defendant
### and the Doe Defendants)

24.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were set forth at length herein.

25.     On or about October 28, 2012 Mr. Santiago was savagely cut by inmate assailants that were likely assisted or purposefully ignored by Correction Officer Cherry and the Doe Defendants, who then failed to intervene, as alleged above.

26.     By reason of the foregoing, and by sanctioning, encouraging, and failing to prevent inmate assailants from assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, the named and Doe Defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by

42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourteenth Amendment to the United States Constitution to be free from gratuitous and excessive force.

27.     The Supervisory, the named and Doe Defendants, acted under pretense and color of state law and in their individual and official capacities and within the scope of their employment as DOC officers and employees. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. These defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution.

28.     The Supervisory defendants knew and/or should have known that the pattern of sanctioned inmate-on-inmate assaults described above existed in the City jails prior to and including the time of the assault on plaintiff. Their failure to take measures to curb this pattern of brutality constitutes acquiescence to the known unlawful behavior of their subordinates. The prevalence of these practices and general knowledge of their existence at the time of plaintiff's beating, and the failure of defendants to take remedial action despite the fact that the use of inmate enforcers had been persistently brought to their attention, constitutes deliberate indifference to the rights and safety of the inmates in their care and custody, including the inmate named as a plaintiff in this action. These defendants' conduct has been a substantial factor in the continuation of such violence and a proximate cause of the constitutional violations alleged in this complaint.

29.     Defendant City of New York, through DOC, and acting under the pretense and color of law, has permitted, tolerated and been deliberately indifferent to a pattern and practice of sanctioned inmate-on-inmate assaults. This widespread tolerance of correction officers' sanction of inmate assaults constitutes a municipal policy, practice or custom and led to plaintiff's assault.

30.     By permitting, tolerating and sanctioning a persistent and widespread policy,

practice and custom, pursuant to which plaintiff was subjected to a brutal beating by an inmate

assailant on October 28, 2012, defendant City has deprived plaintiff of rights, remedies,

privileges, and immunities guaranteed to every citizen of the United States by 42 U.S.C. § 1983,

including, but not limited to, rights guaranteed by the Fourteenth Amendment to the United

States Constitution to be free from gratuitous and excessive force.

31.     As a direct and proximate result of the misconduct, abuse of authority and the

policy, practice and custom detailed above, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief

jointly and severally against defendants:

1.  Compensatory damages in an amount to be determined at trial for the physical and

    psychological injuries sustained by Mr. Santiago as a result of the events alleged herein.

2.  Punitive damages in an amount to be determined at trial;

3.  Award Plaintiff reasonable attorneys fees and costs as authorized under 42 U.S.C. §1988; and

4.  Grant such other further and different relief as the Court deems just and proper.

Dated: New York, N.Y.
      April 20, 2016

LAW OFFICE OF MATTHEW B. WALLER

MATTHEW WALLER
Attorneys for Plaintiff
**RAYMOND SANTIAGO**
20 Vesey Street, Suite 503
New York, New York 10007
(212) 766-4411

7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RAYMOND SANTIAGO

Plaintiff,

- against -

THE CITY OF NEW YORK; NEW YORK
CITY DEPARTMENT OF CORRECTION;
NYC-DOC OFFICER CHERRY (First Name and
Shield Number Unknown), NYC-DOC OFFICERS
JOHN and/or JANE DOES "1" through "3",

Defendants.

# AMENDED COMPLAINT

**LAW OFFICE OF MATTHEW B. WALLER**
Attorneys for Plaintiff
**RAYMOND SANTIAGO**
20 Vesey Street, Suite 503
New York, NY 10007
(212) 766-4411

*Dated:*_____     *Signed:*_____

*Service of a copy of the within*                              *is hereby admitted.*

*Dated:*_____     _____
                                     *Attorney(s) for*

8